IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEMARKULES WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:19-cv-235-TFM-MU |
| | ) | |
| **JEFFERSON DUNN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

On February 16, 2022, the Magistrate Judge entered a Report and Recommendation which recommends the Defendants' Motion for Summary Judgment be granted in part and denied in part. *See* Doc. 67. Specifically, that summary judgment be denied as to Defendants Dunn, Stewart, Bolar, and Brown on the failure to protect claims, granted as to the remaining claims against those same defendants, and granted in full as to Defendants Thompkins and Winner. Plaintiff did not filed objections. Defendants Dunn, Stewart, Bolar, and Brown filed their objections to the survival of the single claim. *See* Doc. 68. Plaintiff did not file objections. The Report and Recommendation is ripe for review.

The Court has reviewed the objections which essentially boil down to these defendants disagreeing with the result. The Magistrate Judge explains extensively the rationale for the denial given the state (or lack thereof) of discovery. Though the Magistrate Judge may have originally denied discovery, there is nothing about that decision that indicates that he may not change his mind after reviewing the summary judgment submissions. Further, as noted by the Plaintiff in his summary judgment response, he was in the segregation unit and therefore unable to obtain legal materials, witness affidavits, declarations and presumably internet access necessary to get the

statistics and data that would be public information. As such, it is not unreasonable or legal error to provide Plaintiff the opportunity to obtain such materials through discovery. While prisoner cases may be relatively unique in the conversion of a Special Report to a summary judgment motion to weed out frivolous cases early, the Court must still feel confident that Plaintiff is given due process and the ability to response to an early filed summary judgment motion. In short, nothing in the objection counters the well-reasoned analysis of the Magistrate Judge. More importantly, nothing precludes the ability for the Defendants to raise the arguments again in a later filed summary judgment motion after discovery.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** as follows:

(1) Defendants' objections (Doc. 68) are **OVERRULED**.

(2) The Motion for Summary Judgment (Docs. 35, 36, as converted by Doc. 57) is **GRANTED in part** and **DENIED in part**.

   a. The motion is granted in favor of Defendant Thompkins and Defendant Winner in its entirety. These Defendants are dismissed from the action.

   b. The motion is granted in favor of Defendant Brown as to the denial/delay of medical care claim.

   c. The motion is granted in favor of Defendants as to the denial of post-traumatic medical care.

   d. The motion is denied as to Defendants Dunn, Stewart, Bolar, and Brown as to the failure to protect claims.

(3) This case is **REFERRED BACK** to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this 17th day of March, 2022.

/s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE